**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| STEVEN B. BOWLING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16-cv-00853-TWP-MPB |
| | ) | |
| SUPERINTENDENT, PLAINFIELD | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Steven B. Bowling for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISP 07-07-0210 in which he was convicted of Code A-102, Battery. For the reasons explained in this Entry, Bowling's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.  The Disciplinary Proceeding**

On July 12, 2007, Internal Affairs Officer Whelan issued a Report of Conduct charging

Bowling with battery in violation of Code A-102 (Ex. A). The Report of Conduct states:

> On 6/12/07 offender Stone 914538 was severely beaten causing ISP [Indiana State Prison] to send the offender to an outside medical facility. He had severely [sic] dozen stab wounds to his hands, body and legs. He also had severe contusions to his body and face. The offender also had a flammable chemical tossed on hi[m] in his cell that was identified as a chemical used in the Tag Shop.

> A[n] investigation was begun and through the interviews and evidence there is enough information to charge the above offender with assaulting offender Stone causing injury [us]ing a weapon.

See report of investigation.

Dkt. 13-1 at 1. The Report of Investigation of Incident states in part:

> On 6/12/07 a signal 3000 was called by Sgt. C. Tibbles due to finding offender Stone 914538 beaten severely and stabbed in his assigned cell E 428 in CCH. A flammable chemical had also been thrown on him.

> An investigation was begun and through interviews and evidence it was discovered the above offender entered cell 428 with offender Ropp 162016 armed with homemade kni[v]es and assaulted offender Stone. After the assault they threw a flammable chemical on the offender and attempted to set him on fire.

> Offender Stone lived through the assault but required outside medical treatment and hospitalization.

> Details of interviews/evidence are available in case file. Refer to case file 07-ISP-0171-IA.

Dkt. 13-1 at 2.

Bowling was notified of the charge on July 16, 2007, when he was served with the Report

of Conduct, Report of Investigation of Incident and the Notice of Disciplinary Hearing. The

Screening Officer noted that Bowling requested the victim as a witness to say he did not participate

in the attack and the video as evidence. Dkt. 13-2.

The Video Review Form states that it was determined that allowing Bowling to view the video evidence requested would jeopardize the security of the facility and instead the video has been reviewed outside the presence of the offender. The summary of the video states, "You do not see the above Offender on the 500 Range, on the 400 Range you see two white offenders walk in behind Stone." Dkt. 13-3.

After one postponement, the Hearing Officer conducted a disciplinary hearing on July 23, 2007. Dkt. 13-6. The Hearing Officer noted Bowling's statement that "I have no knowledge of the incident." The Hearing Officer determined that Bowling had violated Code A-102 based on staff reports, statement of offender, the video review, and the Internal Affairs case file. The Hearing Officer noted that Stone "was the victim in the incident & did not give a statement. Base[d] on IA case file #07- ISP-0171 IA, we find the offender guilty." *Id.* The sanctions imposed included one year of disciplinary segregation, the deprivation of 180 days of earned credit time, and the demotion from credit class I to credit class II. The Hearing Officer imposed the sanctions because of the seriousness of the offense.

Internal Affairs File # 07-ISP-0171 was not disclosed to Bowling for safety and security reasons. The file contains confidential information regarding the victim as well as statements from numerous witnesses. In addition, the video reveals the location of security cameras.

Bowling filed an appeal to the Facility Head. The appeal was denied on August 24, 2007. Bowling then appealed to the Final Review Authority, who denied the appeal on September 21, 2007.

**C. Analysis**

Bowling raises four grounds for relief in his habeas petition: 1) he was denied a detailed Hearing Report; 2) he received inadequate notice of the charge, 3) he was denied his right to call a witness, and 4) the disciplinary hearing was improperly postponed. In his reply brief, Bowling asserts that the video summary was exculpatory.

### 1. <u>Written Basis for Decision</u>

Bowling contends that he was denied his right to be provided an adequate written basis for the hearing officer's decision. Specifically, he argues that the hearing officer's written statement was inadequate.

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (*quoting Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* The purpose of this requirement is to allow "a reviewing court ... [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987).

The written report of disciplinary hearing states that the hearing officer relied on staff reports, statement of offender, and physical evidence specifically Internal Affairs case file # 07-ISP-0171 and video review to reach his decision. Dkt. 13-6.

Although the written statement of decision was brief, it was sufficient to comport with due process. When a case is "particularly straightforward," the hearing officer need "only to set forth

4

the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007); *see also Scruggs*, 485 F.3d at 941; *Saenz*, 811 F.2d at 1174. The hearing officer's decision was straightforward. He either could believe Bowling's denial of involvement in battering Stone, or credit the Internal Affairs report that detailed Bowling's involvement. Given that the hearing officer found him guilty, he clearly chose the latter. Therefore, the hearing officer's simple statement regarding the evidence on which he relied in making his decision is sufficient. The hearing officer was not required to make any additional findings of fact, nor was he required to disclose the information provided in the Internal Affairs file which showed his involvement. Contrary to Bowling's assertion, the hearing officer was not required to review the internal affairs case file in his presence during the hearing.[1]

In reply, Bowling complains he was not allowed to analyze the evidence the hearing officer relied on in order to prepare his defense. But due process does not require that an offender be provided with all of the evidence which will be used against him prior to the hearing. In addition, the internal affairs file was properly withheld from Bowling's review out of institutional security concerns.

Accordingly, an adequate written statement was provided, and Bowling is not entitled to habeas relief on this basis.

### 2.     Notice of the Charge

Bowling next asserts that he did not have adequate notice of the charge because the information in the Conduct Report and Report of Investigation was not specific enough. He argues

---

[1] The file is 139 pages long and takes a significant period of time to review.

that there was no listing of evidence collected and no names of the prisoners or staff interviewed who assisted in the determination to charge him.

The Fourteenth Amendment's due process clause guarantees prisoners advance written notice of the charges "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff*, 418 U.S. at 564. "Advance written notice of charges must be given to the disciplinary action inmate, no less than 24 hours before his appearance before the Adjustment Committee." *Wolff*, 418 U.S. at 540. The Supreme Court has held the notice of prison disciplinary charges is sufficient if it informs the offender of the charges and enables him to marshal the facts and prepare a defense." *Id.* at 564. The notice should alert the inmate to the rule that he allegedly violated and summarize the facts underlying the charge. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995).

The respondent points out that the Conduct Report identified the date and time of the incident, the specific code violation with which Bowling was charged, the place of the incident, the name of the victim who was severely beaten, a description of the injuries, and confirmation that the victim was transported to a hospital for treatment. This information contained in the Conduct Report was specific enough to satisfy the due process requirement so that Bowling could marshal a defense. *See Wolff*, 418 U.S. at 564. The reporting officer was not required to list every piece of evidence or witness in the Conduct Report. It was enough that Bowling knew that Stone was attacked in the CCH 400 range cell E428 at 6:50 on June 12, 2007, suffering several dozen stab wounds and contusions, and that he was covered in a flammable chemical used in the Tag Shop. Bowling was able to prepare a defense from that information. No relief is warranted on this basis.

### 3. **Witness**

Bowling next argues that his request for a statement from Stone, the victim, was improperly denied. Among the basic requirements of due process in a prison disciplinary proceeding is the opportunity for the inmate to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 566.

The report of disciplinary hearing states that Stone was the victim in the incident and did not give a witness statement. Dkt. 13-6. Bowling argues that the Hearing Officer should have noted whether Stone was contacted and/or refused to make a statement.

An offender's right to present evidence is qualified because "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Although a written statement specifically in response to Bowling's request was not obtained, Stone was interviewed by Internal Affairs and his statement is included in the confidential case file. The Hearing Officer properly reviewed the confidential file that included Stone's interview and was not required to disclose the file to Bowling. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (stating that there is no denial of opportunity to review and present evidence where the Conduct Adjustment Board reviewed the evidence in question as part of case file). As such, Stone's statement was part of the evidence considered by the Hearing Officer as Bowling had requested. The topic of Bowling's involvement in the attack was discussed during the interview, and Stone was clear in his statement. Any additional statement obtained in response to Bowling's request would have been repetitive and was therefore not required. This court has reviewed the confidential information *in camera* and finds that it is reliable and properly withheld from the petitioner.

The failure to get a witness statement specifically for the purpose of the disciplinary hearing (as opposed to the investigation) did not, in this instance, violate Bowling's due process rights. The reason for this ruling is that Stone's statement would not have been exculpatory and the failure to procure a statement from Stone for Bowling did not prejudice Bowling's defense. Without a showing of prejudice, any alleged due process error is harmless. *See Piggie v. Cotton*, 344 F.3d 674, 677–78 (7th Cir. 2003) (determining potential witness' absence was harmless error because the petitioner did not establish that the statement would be helpful); *see also O'Neal v. McAninch*, 513 U.S. 432 (1995) (in habeas corpus cases, even if a due process error has been committed, the burden is on the petitioner to show that the error had a substantial and injurious effect on the outcome of the proceeding).

No exculpatory evidence was withheld from Bowling. *See Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir. 2003) (holding that offenders have a due process right to material exculpatory evidence).

Therefore, he has failed to establish any denial of due process based on the failure to procure a witness statement from Stone.

### 4. Postponement of the Disciplinary Hearing

Bowling also contends that the reason given for the postponement of the disciplinary hearing was inadequate. In so arguing, Bowling relies upon Indiana Department of Correction policy outlining the procedures for permissible hearing postponements and argues that the reason offered here for the postponement violated the policy. The Respondent correctly notes that this argument cannot be raised in this proceeding. The mere violation of a prison policy does not constitute a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). In

8

conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991). Therefore, this is not a viable issue for this habeas proceeding.

### 5. <u>Video Evidence</u>

Bowling argues in his reply that the video review summary states that he was not seen at the time and place of incident. He is mistaken. The summary of the video states, "You do not see the above Offender on the 500 Range, on the 400 Range you see two white offenders walk in behind Stone." Dkt. 13-3.

The fact that Bowling lived in the 500 range and was **not** seen on the 500 range at the time of the attack (which occurred on the 400 range) is not exculpatory. In addition, Bowling is white and the video reflects that Stone was followed into his cell (where the attack occurred) by two white offenders.

Bowling was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Bowling's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bowling to the relief he seeks.

Accordingly, Bowling's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.


Date: 6/30/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

STEVEN B. BOWLING
113869
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362